Citation Nr: 1536779 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 12-18 454 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to service connection for a heart disability, to include as secondary to a service-connected disease or injury. 


REPRESENTATION

Appellant represented by: Colorado Division of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

Appellant, L.M., J.M., and G.M.


ATTORNEY FOR THE BOARD

J. Nichols, Associate Counsel

INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from August 1951 to May 1953, including combat service in Korea. 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. In November 2012, the Veteran testified before the undersigned via videoconference technology; a transcript of the hearing is of record. This matter was previously remanded by the Board in August 2014.

The appeal is REMANDED to the Appeals Management Center (AMC). VA will notify the appellant if further action is required.


REMAND

In its August 2014 remand, the Board instructed that the agency of original jurisdiction (AOJ) obtain an additional medical opinion on the issue of whether any current heart disability is related to service or a service connected disease or injury. The Board also instructed that the AOJ then readjudicate the claim and issue a supplemental statement of the case (SSOC) as to any benefit sought on appeal that remains denied. In addition, VA regulations require that that AOJ issue a SSOC if, pursuant to a remand by the Board, it develops the evidence, unless the only purpose of the remand is to assemble previously considered records or the Board specifies in the remand that a SSOC is not required. 38 C.F.R. § 19.31(c).

The AMC requested a medical opinion from the Cheyenne VA medical center in September 2014. A medical opinion was completed in October 2014 but was not associated with the Veterans Benefits Management System (VBMS) file until August 2015. In addition, the Virtual VA file reflects that additional VA treatment records were uploaded in July 2015. As the claims file does not reflect that the claim has been granted or that a SSOC has been issued readjudicating and continuing the denial of the claim, as instructed in the Board's remand and required by 38 C.F.R. § 19.31(c), a remand is warranted for issuance of a SSOC by the AMC, which is the AOJ in this case.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

The case file should be routed to the AMC where the Veteran's claim should be readjudicated in light of the additional evidence of record associated with the claims file since the last SSOC (April 2014), to include the October 2014 addendum medical opinion and the VA treatment records from Eastern Colorado and Cheyenne covering the period from April 2014 to July 2015 (see Virtual VA CAPRI records). If any benefit sought on appeal remains denied, issue the Veteran and his representative an SSOC and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J. HAGER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).